**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


Carrie Harkless, et al.,            )    **CASE NO. 1:06 CV 2284**
                                    )
                    Plaintiffs,      )    **JUDGE PATRICIA A. GAUGHAN**
                                    )
        vs.                          )
                                    )
Jennifer Brunner, et al.,            )    <u>**Memorandum of Opinion and Order**</u>
                                    )
                    Defendants.      )


**<u>INTRODUCTION</u>**

This matter is before the Court upon the Report and Recommendation of Magistrate

Judge Vecchiarelli (Doc. 139) on plaintiffs' application for an award of attorney's fees (Doc.

89).  This is a case under the National Voter Registration Act.  Plaintiffs and defendants have

filed objections and responses to objections to the Magistrate Judge's Report and

Recommendation.[1]  For the following reasons, the Report and Recommendation is ACCEPTED

---

[1]        Plaintiffs have also filed a Motion for Order to Modify the Report and
Recommendation (Doc. 141).  This motion appears to be supported by the same memorandum
as plaintiffs' Objections to the Report and Recommendation.  For the reasons set forth in this
Memorandum of Opinion and Order and the Magistrate Judge's Report and Recommendation,

AS MODIFIED herein.

### STANDARD OF REVIEW

The Court reviews *de novo* those portions of the Magistrate Judge's Report and

Recommendation to which objection is made.  28 U.S.C. § 636(b)(1)(C).

### DISCUSSION

Plaintiffs, Association of Community Organizations for Reform Now (hereinafter

"ACORN"), Carrie Harkless, and Tameca Mardis,[2] bring this action against defendants, the Ohio

Secretary of State and the Director of the Ohio Department of Job and Family Services, alleging

that defendants violated Section 7 of the National Voter Registration Act.  The parties have

settled the lawsuit.  The procedural history of this case and the facts necessary to resolve the

pending motions are adequately set forth in the Report and Recommendation and will not be

repeated here except as necessary to address the parties' objections to the Report and

Recommendation.

**A.      Plaintiffs' Objections**

**1.      Fifty Percent Reduction in Hours**

Plaintiffs first object that the Report and Recommendation improperly cut in half the

reasonable hours expended by plaintiffs' counsel.  Plaintiffs argue that the cases relied upon by

the Magistrate Judge, *Coulter v. Tennessee,* 805 F.2d 146 (6th Cir. 1986) and *Saint-Gobain*

*Autover USA v. Xinyi Glass North America,* 707 F. Supp. 2d 737 (N.D. Ohio 2010), do not

---

plaintiffs' motion is DENIED.

[2]      After plaintiffs filed their application for attorney's fees, ACORN filed for
bankruptcy under Chapter 7.  David J. Doyaga, Esq., the bankruptcy trustee for ACORN,
substituted as a party for ACORN.

support a 50% reduction in hours, and that the maximum reduction applied in the Sixth Circuit for duplication of effort has been 25%.  Plaintiffs point out that defendants offered no evidence to counter plaintiffs' showing of reasonableness as to the number of hours expended in this case. Plaintiffs argue that large teams of counsel are appropriate in cases that seek to vindicate important voting rights and that the Magistrate Judge's recommendation is an unreasonable approach to staffing and hours for this case.  Plaintiffs also argue that the Magistrate Judge improperly applied a 50% reduction based on the opinion that discovery should have been less vigorous and less comprehensive.  Plaintiffs further argue that in determining that plaintiffs expended an unreasonable number of hours on this case, the Magistrate Judge failed to take into account plaintiffs' efforts to settle the case before the majority of the hours were expended.

Defendants respond that the Magistrate Judge's 50% reduction in hours was supported by the evidence, though defendants maintain the reduction did not go far enough.  Defendants argue that plaintiffs have not explained why it was necessary for so many attorneys to bill for reviewing and editing the same documents, attending numerous conference calls, and reviewing email chains.  Nor do plaintiffs explain billing for sending senior lawyers to Cleveland to file the complaint, holding a press conference, soliciting clients outside of the Department of Job and Family Services, overbilling time in connection with the Sixth Circuit Court of Appeals argument, and billing to send a lawyer to a seminar.  Defendants argue that no ceiling of 25% exists in the Sixth Circuit for an hours reduction due to duplication.  Defendants also argue that plaintiffs have not explained what was so complex about this case that it required a six-lawyer core team with 21 attorneys billing for their time, and that regardless of how successful plaintiffs were or how well their fee application is documented, fees incurred due to duplicative billing and

noncompensable charges cannot be awarded.  Finally, with respect to plaintiffs conducting

discovery in all 88 Ohio counties after remand, defendants argue that the Magistrate Judge was

correct in noting that after remand and the concessions defendants made in their offer of

judgment, the principal issue in the case was the remedy, not whether the NVRA was being

enforced statewide.

Upon review, the Court finds that a 50% across-the-board hours reduction for excessive

and duplicative hours, travel costs, and questionable billing practices is warranted.  Plaintiffs cite

to no case imposing a ceiling on the amount by which the Court may reduce plaintiffs' counsels'

hours.  Further, defendants do not have the burden of proving that plaintiffs' fees and costs are

unreasonable, thus plaintiffs' argument that defendants provided no evidence to counter

plaintiffs' showing of reasonableness is not well-taken.

Plaintiffs' argument that large teams of counsel are warranted in these types of cases does

not call into question the factual findings of the Magistrate Judge that multiple senior attorneys

reviewed "every pleading and document filed in this case and in the Sixth Circuit, as well as

outlines, letters, discussion points, and settlement proposals" and that extensive duplication

occurred because other attorneys were reviewing and approving work already reviewed and

edited by lead counsel in this case.  Additionally, multiple senior lawyers traveled to the same

settlement conferences.  Regardless of whether large teams of counsel are appropriate in voting

rights cases, parties are not entitled to recover for "hours that are excessive, redundant, or

otherwise unnecessary."  *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983).  *See Ky. Rest.*

*Concepts, Inc. v. Louisville,* 117 Fed. Appx. 415, 419 (6th Cir. 2004) ("Plaintiffs are not entitled

to have any number of well-qualified attorneys reimbursed for their efforts, when fewer

4

attorneys could have accomplished the job." (quoting the district court below)).  Plaintiff's

argument that large teams of counsel are appropriate also does not justify reimbursement for

non-compensable and unnecessary attorney time, including traveling to Cleveland to file the

complaint and hold a press conference, soliciting clients outside of the Department of Job and

Family Services, and attending a seminar.  The Court agrees with the Magistrate Judge that

duplication and unnecessary billing occurred extensively in this case.

Plaintiffs' arguments with respect to the Magistrate Judge's finding that conducting

discovery in all 88 Ohio counties was excessive is similarly unavailing.  Plaintiffs concentrate

their objection on the Magistrate Judge's purported finding that plaintiffs' counsel were

overzealous in "seeking evidence of NVRA noncompliance statewide through public records

requests to 88 counties."  (Plaintiffs' Objections at 8.)  In reality, the Magistrate Judge found that

"discovery of all 88 counties resulted in significant and unnecessary fees for document review

and cataloguing, and for depositions."  (R&R at 56.)  Plaintiffs offer no explanation for double-

or triple-staffing multiple repetitive depositions with different attorneys attending the

depositions, or for the number of hours more senior associates spent on document production.

Plaintiffs state only that "it would have been insufficient for Plaintiffs' counsel not to pursue

vigorously and diligently the strongest evidentiary basis for their claims."  Even assuming that

the discovery was necessary, which plaintiffs have not shown, the Court finds that conducting

this discovery in such an inefficient manner resulted in duplicative and unnecessary expenses.

Finally, plaintiffs' argument that the Magistrate Judge should have taken account of

plaintiffs' efforts to settle this case before the majority of the hours were expended but did not do

so is not well-taken.  The reduction in hours imposed by the Court is not simply based on

5

plaintiffs' counsel expending a large number of hours.  Many of the hours that were billed

demonstrate duplication, charging for unnecessary expenses, overall inefficiency, and

overlawyering.  Arguing that such hours would have been reduced if only defendants had settled

earlier is meritless.  Accordingly, the Court finds that the 50% reduction in hours in this case is

warranted.

### 2.        Reduction in Hourly Rates

Plaintiffs object to the Magistrate Judge's finding that local rates applied to the hours

billed by plaintiffs' counsel, instead of plaintiffs' requested home rates.  Plaintiffs argue that

their counsels' declarations and their experts' opinions and testimony show that no Ohio lawyer

was experienced enough and willing to take this case, thus counsels' home rates should apply.

Plaintiffs point out that defendants have offered no evidence showing that local counsel was

capable of litigating this action.  Plaintiffs also object to the local rates applied by the Magistrate

Judge,[3] arguing that the local rates they requested were supported by declarations and expert

testimony, and that defendants did not offer any evidence to the contrary.  Plaintiffs also object

to the Magistrate Judge's failure to increase the two-year-old rates she applied by 10% to 15%

to allow for fee increases over the past two years.

Defendants respond that plaintiffs did not meet their burden of proving that they made a

reasonable attempt to investigate the availability of counsel in the local market, thus plaintiffs

are not entitled to home rates.  Defendants also argue that plaintiffs are not entitled to their

requested local rates because plaintiffs' evidence in support of those rates included no analysis of

---

[3]        Magistrate Judge Vecchiarelli applied the local rates as determined in *Project Vote v. Blackwell,* No. 1:06 CV 1628, 2009 WL 917737 (N.D. Ohio Mar. 31, 2009), not the local rates plaintiffs requested.

6

the fees in comparable cases or the qualifications of the attorneys seeking the fees.

Upon review, the Court finds that the rates applied in the *Project Vote* case are appropriate.  Plaintiff's argument that defendants produced no evidence showing that any local counsel was competent and willing to take this case is not well-taken, as plaintiffs have the burden of proof on this issue.  The evidence cited by plaintiffs to show that they attempted to investigate the availability of competent counsel in the local market, as required by *Hadix v. Johnson,* 65 F.3d 532, 535 (6th Cir. 1995), shows instead that no such investigation was actually undertaken.  Plaintiffs' expert Lambros testified in his declaration that in his opinion it would be highly unlikely that any Ohio firm would have taken the case.  (Lambros Decl. at ¶ 21(B)(vi).)  Plaintiffs' expert Kerger testified in his deposition that he was unaware of any firm in Ohio that would likely take on the case.  (Kerger Depo. at 58-61.)  Plaintiffs introduced no evidence showing that they contacted any Ohio counsel or attempted to engage Ohio counsel in this matter.  Accordingly, plaintiffs are not entitled to home rates.

Plaintiffs' evidence that the local rates they submitted were reasonable Cleveland rates is similarly inadequate.  Plaintiffs relied upon fee applications filed in complex Chapter 11 bankruptcy cases to establish the local Cleveland rates, without any evidence that the rates would be comparable in an election law case.  Kerger prepared a declaration that plaintiffs' proposed local rates were reasonable after reviewing a three or four sentence email including a range of rates and holding a one and a half minute telephone call, based on his understanding of the going rates in Cleveland, without any analysis of similar cases.  (Kerger Depo. at 5-7.)  Lambros also opined that the local rates were reasonable, based on his awareness of "large Ohio firms that command rates higher than Dechert's 'home rates,' for comparable litigation," and the

7

conclusion that small-to-medium-sized firms would not accept this type of case.  (Lambros Decl. at ¶ 21(B)(iv).)  These conclusions, however, are unsupported, as is Lambros's opinion that this case involved complex litigation.  Accordingly, plaintiffs did not meet their burden of showing that their proposed local rates were reasonable.

Plaintiffs argue that the Magistrate Judge improperly gave their two experts less weight than the Ohio State Bar Association survey.  However, where the experts' opinions lacked substantial support, the Court finds that the survey was given appropriate weight.  Finally, plaintiffs' objection that the Magistrate Judge should have adjusted the *Project Vote* rates for fee increases over the past two years is not well-taken in the absence of any showing that fees have increased.  In fact, plaintiffs' evidence showed that fees have remained about the same.  (Kerger Depo. at 40.)

### 3.      Disallowance of Certain Costs

Plaintiffs object to the Magistrate Judge's disallowance of $6403.01 for expenses such as taxi fare, travel expenses, meals, and a seminar.  Plaintiffs argue that the Magistrate Judge found that these items may be reasonably billed to clients where counsel and staff are working long hours on a particular day, thus the Magistrate Judge erred in disallowing the costs.  Plaintiffs point out that counsel submitted a declaration explaining that there is often a lag between the date that an expense was incurred and the date the voucher is submitted and entered into the billing system, and that the expenses were reasonable.  Plaintiffs argue that this uncontroverted evidence establishes that the costs should be allowed.

Defendants respond that the costs were properly excluded because no evidence was submitted connecting these costs to the litigation, explaining why the costs were incurred, or that

8

they were reasonable.

Upon review, the Court finds that the costs should be disallowed.  The Magistrate Judge found that these types of costs can be reasonably charged to clients in circumstances where counsel and staff are working long hours on a particular day, and the Court agrees.  Plaintiffs, however, submitted no evidence demonstrating these costs were incurred in connection with lengthy days spent exclusively or predominantly on this case.  Counsel's declaration that there may be date discrepancies with respect to when the costs were incurred versus when they were charged does not remedy this deficiency.  Accordingly, these costs are properly excluded from plaintiffs' fee award.[4]

### 4.        Statement Concerning Plaintiffs' Success

Plaintiffs object to the Magistrate Judge including the following opinion in her Report and Recommendation:  "[plaintiffs] pursued and ultimately achieved remedies in settlement that would not have been awarded had this case proceeded to trial at considerable expense to the parties."[5]  (R&R at 62-63.)  Plaintiffs argue that the Court should disavow any reliance upon that statement because it is dicta and it amounts to an advisory opinion.  Plaintiffs further argue that if the statement is not excised from the Court's opinion, the opinion might "incorrectly be read to suggest that the Court has held on the question of the scope of available remedies under Section

---

[4]        Defendants object to the Magistrate Judge's calculation of these costs, arguing that the correct amount is $6564.81.  The Court agrees and addresses this objection in Section B.3 of this Memorandum.

[5]        The entire statement reads as follows:  "In this Court's view, Plaintiffs' counsel demonstrated no willingness to negotiate the terms of a reasonable settlement and, in fact, pursued and ultimately achieved remedies in settlement that would not have been awarded had this case proceeded to trial at great expense to the parties."

7 of the NVRA."

Defendants argue that the Magistrate Judge explained that it was questionable whether the Court would ever confer upon a private party such extensive rights to monitor and control a state agency, that the statement was a general statement applicable to any litigation, and that the statement was grounded in the record; therefore, the Court should not excise the statement from the R&R.

Upon review, the Court finds that the Magistrate Judge's opinion cannot be read as a holding on the scope of remedies available under Section 7 of the NVRA.  The Magistrate Judge was analyzing the degree of success achieved by the plaintiffs in this case through the settlement agreement, as further explained on page 64 of the Report and Recommendation.  Accordingly, the Court will not excise the Report and Recommendation as plaintiffs request.

**B.**     **Defendants' Objections**

    **1.**     **Award of Fees**

Defendants object to the Magistrate Judge's award of fees at all in this case, and argue that her factual findings show that fees should have been disallowed in their entirety. Defendants argue that the Magistrate Judge erroneously applied a fraud standard and, finding no fraud or deliberate falsehood, concluded that the fee request was not so intolerably exaggerated as to warrant a complete denial of fees.  Defendants also argue that achieving some success cannot be the sole measure of determining the reasonableness of plaintiffs' fees because prevailing parties would be encouraged to inflate their bills, knowing that the bills would simply be reduced instead of disallowed completely.

Plaintiffs respond that a complete denial of fees is unwarranted.  Plaintiffs argue that the

settlement agreement provides that plaintiffs are entitled to recover reasonable attorney's fees. Plaintiffs also argue that they devoted tremendous time and effort to litigating this case and provided extensive documentation in their application for fees.

Upon review, the Court finds that a complete denial of fees is not appropriate in this case. A complete denial of fees is warranted only in the most severe and limited circumstances.  It is appropriate only "if the request is grossly and intolerably exaggerated, manifestly filed in bad faith, or wholly undocumented."  *Project Vote,* 2009 WL 917737 at *8.  While plaintiffs' fee application reflects overlawyering, duplication, overall inefficiency, and unnecessary expenditures of time and money, it was not wholly undocumented nor do defendants demonstrate it was manifestly filed in bad faith.  Counsel for plaintiffs have testified that the work for which reimbursement is sought in this case was actually done, and defendants do not show otherwise; moreover, the petition is supported by extensive documentation.

The cases relied upon by defendants in support of their argument that the fee application was grossly or intolerably exaggerated are far more extreme than this case.  For example, in *Brown v. Stackler,* 612 F.2d 1057 (7th Cir. 1970), counsel submitted a fee petition reflecting 800 hours of work for filing a simple complaint and several motions to continue in a case requiring little legal skill, the outcome of which was known to depend on another case pending at the time. *Id.* at 1058.  In *Keener v. Department of Army,* 136 F.R.D. 140 (M.D. Tenn. 1991), the court found intolerable exaggeration and bad faith based on the facts that counsel failed to maintain billing records and thus his petition was essentially undocumented, admittedly exaggerated his hourly rate, went to extraordinary lengths to double-bill two government agencies, sought reimbursement for travel expenses as well as travel at his hourly rate, sought reimbursement for

11

a seminar and for research that was unnecessary and irrelevant to the case, billed the government

for work that had nothing to do with the case, and engaged in an unethical fee-splitting

arrangement with his client.  Defendants have not shown that this type of intentional gross

exaggeration is present in this case.  Accordingly, a complete denial of fees is unwarranted.

### 2.    Fifty Percent Reduction in Hours

Defendants object to the Magistrate Judge's recommendation that a 50% reduction in

hours is appropriate and argue that a further reduction is warranted.[6]  Defendants essentially

object to the Magistrate Judge's across-the-board reduction of 50% and argue that the Court

should employ a more line-item approach that defendants believe will result in further

reductions.[7]  Defendants cite to specific portions of the Magistrate Judge's findings that they

argue require further reductions, such as the total expenditure of 5000 hours, the high degree of

time spent conferencing and emailing, the multiple senior lawyers who reviewed each document

filed in the case, and the breadth of discovery.  As the sole example of a remedy they believe

appropriate, they suggest any conferencing deemed unnecessary should be reduced by its

entirety for each lawyer that billed for it.

Plaintiffs respond that they submitted extensive uncontradicted evidence regarding the

reasonableness of the hours plaintiffs' counsel expended and the efficient way the litigation was

---

[6]    Defendants complain that the Magistrate Judge awarded 100% of the costs associated with travel that she found to be unnecessary; however, the Magistrate Judge excluded over $6000 in travel, taxi fare, and meal expenses.  (R&R at 67.)

[7]    Defendants also summarily object to what they characterize as "the Magistrate Judge's rejection of the arguments advanced regarding the status of ACORN, an entity that no longer exists."  In the absence of any analysis accompanying the objection, the objection is not well-taken.

managed, thus any further reduction is unwarranted.  Plaintiffs also argue that it was defendants' litigation technique that resulted in plaintiffs conducting discovery in all 88 Ohio counties. Finally, plaintiffs argue that defendants have no legal support for reducing the hours further.

Upon review, the Court finds that a 50% across-the-board reduction in hours is sufficient to reflect the overlawyering, duplication, and unnecessary expenditures discussed in Section A.1 of this Memorandum and in the Report and Recommendation.  The calculation is appropriate given the facts and, in particular, the complexity of the fee petition.  The Court has discretion as to whether it reduces hours using a line-item approach or an across-the-board reduction, *Hensley v. Eckerhart,* 461 U.S. 424, 436-437 (1983), and the Court finds an across-the-board reduction to be an efficient way to reflect the exclusion of plaintiff's unreasonable time spent on this case. Moreover, the Court finds that further reduction is inappropriate given that plaintiffs were successful in achieving most of the relief they sought in the complaint.

### 3.      Calculation Errors

Defendants object to certain mathematical calculations made by the Magistrate Judge. Plaintiffs do not respond to these objections.  Upon review, the Court finds these objections to have merit.  Accordingly, the Report and Recommendation is modified as follows:  on page 57, the elimination of time charges claimed for Mellor, Wine, and Savittzky totals $9176; and on page 67, the elimination of costs and expenses totals $6564.81.  Applying these changes yields an award of fees in the amount of $544,446.50 and an award of costs and expenses in the amount of $120,199.60.

### <u>CONCLUSION</u>

For the foregoing reasons, the Report and Recommendation of Magistrate Judge

Vecchiarelli is ACCEPTED as MODIFIED to reflect an award of fees to plaintiffs of $544,446.50 and an award of costs to plaintiffs of $120,199.60.  Further, the Court fully incorporates the Report and Recommendation by reference herein.  Plaintiff's Motion for Order to Modify the Report and Recommendation is DENIED.

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 5/31/11

14